DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Lucas County Court of Common Pleas on counterclaims to an insurance subrogation suit.
 {¶ 2} On July 2, 1994, Samuel Fields was helping his mother move. He had loaded his Dodge Omni with household goods and set off from their Sylvania Township apartment for their new home in Toledo. To avoid traffic, Fields took back streets.
 {¶ 3} According to Field's deposition testimony, as he was driving on Blossman Street, he threw a paper cup from the window of his car. Shortly thereafter, a woman in a large truck moved close to his bumper. When Fields slowed down, the truck pulled beside and, according to Fields, the woman driver yelled, "Don't throw fucking garbage in our neighborhood." Fields reported that the truck then sped off, turned around and came head on at the Omni. The maneuver forced Fields onto a lawn along the street. Fields identified appellant Wendy Oancea as the driver.
 {¶ 4} Fields says that in his rear view mirror he saw the first truck turn into a house, following which a second truck emerged and began to chase him. Fields fled, but soon ran into traffic. The truck struck his car in the rear, its driver yelling racial epithets at Fields. The driver of the truck chased Fields through a K-Mart parking lot and onto another side street where Fields lost control and flipped the Omni. The truck then left the scene. Fields was injured, his car destroyed. The driver of the truck was, according to Fields, appellant Jerry Oancea.
 {¶ 5} Appellants dispute Fields' account, maintaining that it was he who initiated the fracas that led to his wreck.
 {¶ 6} Appellee, Cincinnati Insurance Company, insured Samuel Fields and paid his medical bills and reimbursed him for the loss of the car and associated expenses. On February 7, 1995, appellee sued appellant Jerry Oancea in Sylvania Municipal Court, seeking to recover its subrogated damages. Appellee eventually dismissed that case, pursuant to Civ.R. 41(A).
 {¶ 7} In August, 1995, appellee intervened in a suit brought by Samuel Fields against appellants in the Lucas County Court of Common Pleas. This case was stayed for several years, though, pending a suit by appellant Jerry Oancea's liability insurer, seeking to avoid being required to cover him for his intentional acts. In that case, the jury found that Jerry Oancea intended or expected to cause Samuel Fields injuries, thus negating liability coverage under his auto insurance policy. In 2001, after appellant's auto insurer obtained its declaration of noncoverage, Fields and appellee again dismissed their complaints pursuant to Civ.R. 41(A).
 {¶ 8} On February 28, 2002, appellee again sued appellant, again seeking to recover its subrogated damages from the 1994 crash. Appellants filed a five count counterclaim, alleging abuse of process, intentional infliction of emotional distress, willful and wanton misconduct, frivolous conduct and a violation of Civ.R. 11.
 {¶ 9} The last two counts of appellants' counterclaim essentially amounted to requests for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51. The frivolous conduct asserted was the third filing of a law suit, after two Civ.R. 41 dismissals. Civ.R. 41(A)(1) provides that a second dismissal under the rule acts as an adjudication on the merits and bars further action on the same claim.
 {¶ 10} Appellee responded to the sanctions counterclaims by pointing out that Civ.R. 11 and R.C. 2323.51 sanctions are more properly raised by motion than in claims sounding in tort. Appellants conceded this point and requested that the court treat theses counts as motions for sanctions. The court granted this request.
 {¶ 11} Appellants' sanctions counterclaims also alerted appellee that it has twice entered a Civ.R. 41 dismissal on its subrogation claim. In an attempt to rectify this circumstance, appellee moved for relief from judgment, pursuant to Civ.R. (60)(B). Appellee sought to set aside its second dismissal and reinstate the case. The trial court denied that motion and dismissed appellee's subrogation complaint as barred by Civ.R. 41(A)(1).
 {¶ 12} Appellee moved for summary judgment on the three remaining counts of appellants' counterclaim. Noting that each of the remaining counterclaims required an element of maliciousness or ulterior motive, appellee pointed to the affidavit of its former counsel. Counsel averred that he had not been the original attorney on the case and was unaware that the claim had been first dismissed in 1995, a year prior to his first appearance in the case. Unaware of this prior dismissal, counsel reported, he was open to a suggestion by the court in 2001 that the case be dismissed and refiled because of its age. Counsel stated he had it not been for this misunderstanding, he would not have dismissed this case and refiled it. Based on former counsel's affidavit, appellee argued that appellants had no evidence to support their claim that its intent in refiling the subrogation claim was malicious or with any ulterior motive. Absent evidence giving rise to a question of fact on this issue, appellee maintained, it was entitled to judgment as a matter of law.
 {¶ 13} When the trial court granted appellee's motion for summary judgment, appellants perfected this appeal. In two assignments of error, they argue that the trial court erred in granting summary judgment against them.
 {¶ 14} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 {¶ 15} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 16} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc.(1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248.
 {¶ 17} As the trial court properly noted, tortious abuse of process requires a plaintiff to prove that a defendant has perverted the legal process to accomplish an ulterior purpose for which the process was not intended, Yaklevich v. Kemp,Schaeffer, and Rowe Co. (1994), 68 Ohio St.3d 294. Intentional infliction of emotional distress demands proof that the defendant acted by extreme and outrageous conduct to intentionally or recklessly cause severe emotional distress. Yeager v. TeamstersLocal 20 (1983), 6 Ohio St.3d 369, 374, citing Restatement of the Law 2d, Torts (1965) 71, Section 46(1). Willful, wanton, and reckless conduct is technically not a separate cause of action, but a level of intent which negates certain defenses which might be available in an ordinary negligence action. See Keeton, Prosser and Keeton on Torts (5ed. 1984) 212-214. Consequently, to make a case on any of appellants' remaining counts, they must show that appellee acted intentionally or quasi-intentionally to their detriment.
 {¶ 18} "Intent" is ordinarily a question of fact. BuckeyeUnion Ins. Co. v. New England Ins. Co. (1999), 87 Ohio St.3d 280,283. As discussed above, however, when properly challenged, a non-moving party must come forth with evidence supporting its factual assertions or face summary judgment. In this matter, appellee pointed to its counsel's averment that appellee's second dismissal and subsequent refilling was a mistake, the result of miscommunication due to the substitution of counsel in the case. Inadvertence on appellee's part would not be sufficient to meet the intentional or quasi-intentional purpose to cause harm contained in appellant's allegations.
 {¶ 19} Appellants' response was to argue that the fact that appellee had, in clear violation of Civ.R. 41(A), filed its suit a third time permits an inference of an intent to harass and cause distress. Moreover, appellants ask rhetorically, what other possible motive could appellee have for maintaining Wendy Oancea in the suit when it was unrefuted that she was not even with her husband when he went after Samuel Fields?
 {¶ 20} Uncontradicted, a third filing of a law suit after two Civ.R. 41(A) dismissals might support an inference of an intent to harass or distress the defendant. That is not the question before us, however. Here, there is a sworn affidavit that the third filing was a mistake. This is evidence negating any inference to which a third filing by itself might give rise in the mind of a reasonable person. Pursuant to Civ.R. 56(E), appellants must come forth with more.
 {¶ 21} With respect to the continued presence of Wendy Oancea in the case, her absence at the actual crash would not absolve her from her earlier role. If Samuel Fields' deposition testimony is credited, it was Wendy Oancea who first confronted him and then, inferentially, directed her husband after him. For this reason, we do not ascribe a sinister or ulterior motive to appellee in keeping Wendy Oancea in the suit.
 {¶ 22} When appellee produced testimony that its third filing on this claim was inadvertent, appellants could not merely rest on their allegations, but had the burden of coming forth with evidence to create a genuine issue of fact of appellee's intent in filing its suit. They produced no further evidence of any nature. Accordingly, both of appellants' assignments of error are not well-taken.
 {¶ 23} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J., Concur.