DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, denying sanctions to the defendants in a dismissed subrogation suit.
 {¶ 2} The facts of this matter are more fully discussed in our prior consideration of this case in Cincinnati Ins. Co. v. Oancea, 6th Dist. No. L-04-1050, 2004-Ohio-4272. In 1994, appellants, Jerry and Wendy Oancea, initiated a car chase with another driver which ultimately led to the other driver's car crash and the other driver's resulting injury. The victim was insured by appellee, Cincinnati Insurance Company.
 {¶ 3} In February 1995, appellee sued Jerry Oancea, claiming subrogated damages. Appellee eventually dismissed that suit, pursuant to Civ. R. 41(A), to join its insured in a suit against appellants in the Lucas County Court of Common Pleas. That suit was stayed for several years while Jerry Oancea litigated coverage with his own insurer. In the intervening time, appellee substituted counsel so that when the court suggested that the case be dismissed and refiled, appellee's counsel complied.
 {¶ 4} When appellee refiled the suit, appellants responded with a five-count counterclaim. In addition to abuse of process, intentional infliction of emotional distress and willful misconduct, appellants sought Civ. R. 11 and R.C. 2323.51 sanctions for frivolous conduct. The frivolous conduct alleged was appellee's violation of the Civ. R. 41(A) "two dismissal" rule.
 {¶ 5} Eventually, appellants requested that the sanction counts be treated as motions. Appellee was granted summary judgment on the remaining three counts. That judgment was affirmed on appeal. CincinnatiIns. Co. v. Oancea, supra.
 {¶ 6} Following appeal, appellants renewed their request for sanctions. On December 1, 2004, the trial court, without a hearing, denied sanctions, concluding that, "* * * the filing of the third complaint was a mistake and was not frivolous conduct as defined in [R.C.] 2323.51(A)(2)(a)(i) and (ii)."
 {¶ 7} From this order, appellants now bring this appeal, suggesting in a single assignment of error that the trial court abused its discretion in finding appellee's filing of a third complaint was not frivolous.
 {¶ 8} Civ. R. 11 demands that a pleading filed by a party must be on, "* * * belief there is good ground to support it; and that it is not interposed for delay." Attorney fees and expenses may be awarded for a "willful violation" of the rule.
 {¶ 9} In material part, R.C. 2323.51 provides:
 {¶ 10} "(A) As used in this section:
 {¶ 11} "(1) `Conduct' means any of the following:
 {¶ 12} "(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action * * *
 {¶ 13} "(2) "Frivolous conduct" means * * * the following:
 {¶ 14} "(a) Conduct of [a] party to a civil action, * * * that satisfies any of the following:
 {¶ 15} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 16} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 {¶ 17} "* * *."
 {¶ 18} We have already ruled that appellants failed in their burden to show that the filing of a third complaint against Jerry Oancea was anything other than inadvertence. Id. at ¶ 22. Consequently, the volitional element found in Civ. R. 11 and R.C. 2323.51(A)(2)(a)(i) is not met.
 {¶ 19} R.C. 2323.51(A)(2)(a)(ii), however, focuses not on the party's motive, but on the legal sufficiency of the claim. If the claim is "not warranted under existing law" or cannot be supported by a good faith argument for new law, the claim is frivolous.
 {¶ 20} Appellants insist that because the "two dismissal" rule of Civ. R. 41(A) bars a third complaint, a third suit after two dismissals is per se unwarranted under law. Appellee responds that a Civ. R. 41(A)(2) dismissal bar is an affirmative defense which, if not asserted, is waived. See Mossa v. Western Credit Union, Inc. (1992),84 Ohio App.3d 177, 180. Neither position is wholly valid.
 {¶ 21} Although it is common shorthand to state that the double dismissal rule bars a third claim, it is more accurate to say that, when the rule applies, the dismissal of a second suit operates as an adjudication on the merits. Once there is an adjudication on the merits, it is the doctrine of res judicata that bars subsequent suits on the same cause of action. Chadwick v. Barba Lou (1982), 69 Ohio St.2d 222, 229; see, also, Olympia Mortgage Corp. v. Pugh (Fl.App., 2000), 774 So.2d 863,867.
 {¶ 22} Res judicata is an affirmative defense, State ex rel.Wilson-Simmons v. Lake Co. Sheriff (1998), 82 Ohio St.3d 37, 40, which must be raised, pursuant to Civ. R. 8(C), or be deemed waived. Jim's SteakHouse v. Cleveland (1998) 81 Ohio St.3d 18, 20. Nevertheless, it has been held that filing a claim that is clearly barred by res judicata meets the definition of frivolous conduct in R.C. 2323.51(A)(2)(a)(ii).Sain v. Roo, 10th Dist. No. 01AP-360, 2001-Ohio-4115; Streb v. AMFBowling Ctrs., (May 4, 2000), 10th Dist. No. 99AP-633, Stuller v. Price,
10th Dist. No. 03AP-30, 2003-Ohio-6826, at ¶ 21.
 {¶ 23} In this matter, the trial court chose to forgo the ordinarily necessary hearing on R.C. 2323.51 sanctions on the grounds that such a hearing would be "per functory." See Ohio Dept. of Adm. Services v.Madison Int. Inc., (2000), 138 Ohio App.3d 388, 399; Huddy v. ToledoOxygen and Equipment Co., (May 8, 1992), 6th Dist. App. No. L-91-328. Clearly, the trial court's original conclusion that appellee's third filing was inadvertent and our concurrence, Cincinnati Ins. Co. v.Oancea, supra, at ¶ 20, wholly negates the element of intent necessary to satisfy R.C. 2323.51(A)(2)(a)(i). In that respect, the court was correct in finding that a hearing was superfluous.
 {¶ 24} The same is not true of R.C. 2323.51(A)(2)(a)(ii) sanctions which contain no requirement of intent, only that the conduct be unwarranted under existing law. As the above discussion demonstrates, initiating a claim barred by res judicata is ordinarily unwarranted. Whether the filing was either warranted or was unwarranted, but there is a good faith argument for new law, are topics which should be addressed at a hearing on the motion for sanctions. Moreover, even if the court finds frivolous conduct under R.C. 2323.51(A)(2)(a)(ii), the decision of whether to actually award sanctions still remains within the sound discretion of the court. Wiltberger v. Davis (1996), 110 Ohio App.3d 46,52.
 {¶ 25} Accordingly, to the extent that appellants' sole assignment of error complains that their motion for sanctions was improperly denied, it is well taken. We remand this matter to the trial court to conduct a hearing on the R.C. 2323.51(A)(2)(a)(ii) matter and for a determination of whether sanctions should be imposed.
 {¶ 26} On consideration whereof, the order of the Lucas County Court of Common Pleas is vacated. This matter is remanded to said court for the proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Order vacated.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Concur.
Parish, J., dissents.