DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Gene and Gertrude Griggy, et al., appeal from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees, City of Cuyahoga Falls, et al. This Court affirms.
 I. {¶ 2} Appellants, Gene and Gertrude Griggy, et al., are the previous owners of two properties located on West Bath Road in Cuyahoga Falls, Ohio. In 2001, Appellee, Charles Nettle, the City of Cuyahoga Falls Housing Inspector, sent Appellants a letter informing them that there were several conditions on their property that required correction in order to comply with the City's Housing/Property Maintenance Code. Appellants appealed Nettle's order to the City's Board of Housing Appeals who denied the appeal and ordered that they comply with the housing order. After almost a year had passed since the Board of Housing Appeals ordered that Appellants comply with the housing order, Nettle filed a criminal complaint against them in Cuyahoga Falls Municipal Court. The complaint alleged that Appellants had failed to comply with the housing inspector's order in violation of Cuyahoga Falls City Code § 1323.99. The case proceeded to trial where the trial court found Appellants guilty. Appellants appealed the conviction to this Court. See Cuyahoga Falls v.Griggy, 9th Dist. No. 21381, 2003-Ohio-4635. This Court found that Appellants had been incorrectly charged with failing to comply with the City of Cuyahoga Falls' building code and should have instead been charged with failing to comply with the City's housing code. Id. at ¶ 19. We explained that the building code charge was inapplicable because Appellants had not built a home nor made any "alterations" or "additions" to the property so as to warrant the application of the building code. Id.
 {¶ 3} On March 25, 2004, Appellants filed a complaint alleging that Appellees, the City of Cuyahoga Falls, Nettle and the City's Chief Housing Inspector, Ted Williams, engaged in reckless conduct by prosecuting them under the wrong code section. Appellants also alleged claims for loss of consortium and punitive damages. Appellees filed a motion for summary judgment on all three claims and Appellants filed a brief in opposition. The trial court granted Appellees' motion in its entirety on May 20, 2005. Appellants timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FINDING THAT APPELLEES DID NOT ACT IN A RECKLESS AND WANTON MANNER AND THAT APPELLEES EMPLOYEES/HOUSING INSPECTORS WERE NOT LIABLE FOR RECKLESS CONDUCT IN THE EIGHTEEN-MONTH TRIAL, CONVICTION, APPEAL AND SUBSEQUENT REVERSAL OF THE WRONGFUL PROSECUTION OF APPELLANT[S] UNDER AN INCORRECT STATUTE."
 {¶ 4} In their sole assignment of error, Appellants claim that the trial court erred in granting summary judgment in favor of Appellees. They contend that the trial court erred in finding that Appellees Nettle and Williams did not act in a reckless and wanton manner when they charged and prosecuted them under the wrong code section. We disagree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} In their complaint, Appellants alleged a wanton and reckless conduct claim. However, "[w]illful, wanton, and reckless conduct is technically not a separate cause of action, but a level of intent which negates certain defenses which might be available in an ordinary negligence action." Cincinnati Ins. Co.v. Oancea, 6th Dist. No. L-04-1050, 2004-Ohio-4272, at ¶ 17, citing Prosser Keeton on Torts, (5 Ed. 1984), 212-214. In their brief, Appellants have in essence argued that Appellees Nettle and Williams are liable under the reckless conduct exception to the general immunity rule set forth in Ohio's Political Subdivision Tort Liability Act and we will analyze their argument as such. R.C. 2744.03(A)(6)(b). In addition, although Appellants filed their claims against the City of Cuyahoga Falls, Williams and Nettle, they have apparently abandoned their claims against Cuyahoga Falls on appeal as their arguments deal only with Nettle and Williams.
 {¶ 9} Whether Nettle and Williams are immune under R.C.2744.03(A)(6)(b) presents a question of law. Conley v. Shearer
(1992), 64 Ohio St.3d 284, 292; Thorp v. Strigari,155 Ohio App.3d 245, 2003-Ohio-5954, at ¶ 10. Under R.C. 2744.03, an employee of a political subdivision is immune from liability unless the employee's act or omission was conducted with a malicious purpose, in bad faith or in a wanton or reckless manner. Id. "`Wanton and reckless conduct' is defined as perversely disregarding a known risk, or acting or intentionally failing to act in contravention of a duty, knowing or having reason to know of facts which would lead a reasonable person to realize such conduct creates an unreasonable risk of harm substantially greater than the risk necessary to make the conduct negligent." Webb v. Edwards, 4th Dist. No. 04CA35,2005-Ohio-6379, at ¶ 28, quoting Fowler v. Williams Cty.Commrs. (1996), 113 Ohio App.3d 760, 775.
 {¶ 10} The only evidence Appellants set forth as demonstrative of Nettle and Williams' wanton and reckless conduct is the citation to the wrong city code. However, it is the City Prosecutor, not the Housing Inspector (Nettle or Williams), who officially brings charges against an individual. Nettle merely filed a complaint against Appellants that alleged that they had violated the City's building code. Even if Nettle and Williams actually instituted the charges, they clearly had a sufficient basis for issuing a housing code violation to Appellants as the record is replete with evidence that their properties were in complete disrepair in violation of the City's housing code. In accordance with Cuyahoga Falls' procedure for enforcing its housing code, Nettle and Williams cited Appellants for their violations. Absent evidence that Nettle and Williams harbored ill will towards Appellants and/or had no valid reason for issuing any citation to them, we are persuaded that the incorrect citation was simply a mistake. Appellants have failed to demonstrate that Nettle and Williams' action in citing them under the wrong city code rises to the level of wanton and reckless conduct.
 {¶ 11} Appellants attempted to create a genuine issue of material fact merely by alleging that Nettle and Williams' conduct was reckless. However, Appellants must demonstrate the existence of a genuine issue of material fact to defeat summary judgment and cannot simply rely on legal conclusions. As Appellants have failed to demonstrate the existence of a genuine issue of material fact, we find that Appellees are entitled to judgment as a matter of law on Appellants' R.C. 2744.03(A)(6)(b) claim.
 {¶ 12} Appellants have not addressed their loss of consortium and punitive damages claims on appeal and we therefore decline to address them. Appellants' assignment of error is overruled.
 III. {¶ 13} Appellants' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. Whitmore, J. concur.