[Cite as *Donaldson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2784.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ORA DONALDSON | Case No. 2023-00371JD |
| Plaintiff | Judge Lisa L. Sadler |
| v. | Magistrate Adam Z. Morris |
| OHIO DEPARTMENT OF | <u>DECISION</u> |
| REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** On May 10, 2024, Defendant filed a Motion for Summary Judgment pursuant to Civ.R. 56(C).  On June 3, 2024, Plaintiff filed an "Objection to Motion for Summary Judgment," which the Court construes as Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Response").[1]  On June 7, 2024, Defendant filed its Reply in Support of its Motion for Summary Judgment.  Defendant's Motion for Summary Judgment is now before the Court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4(D).  For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

**Standard of Review**

**{¶2}** Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed

---

[1] Plaintiff's Response is two pages long with a third page included as a certificate of service.  The Court will refer to the page with the case caption as page one and page two with the numbered paragraphs by their individual paragraph numbers.

in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Facts**

{¶4} Defendant submitted the Affidavits from its employees, Corrections Specialist Madeline Jackson and Corrections Officer Dustie Carner, with its Motion for Summary

Judgment.  However, upon review, Plaintiff did not submit any Civ.R. 56 evidence with his Response.  The relevant pleadings and evidence submitted, viewed in a light most favorable to Plaintiff, show the following:

{¶5} Plaintiff, an inmate in the custody and control of Defendant, was being held at Defendant's Correctional Receptions Center (CRC) "at the time of this incident April 29th 2022 at 11:58 A.M. this civil action lawsuit stems from a personal injury the plaintiff has suffered and is suffering while the plaintiff was awaiting transfer to the plaintiff's parent institution."  (Complaint, Civil Action Complaint).[2]  Plaintiff alleges that he has suffered since the April 29, 2022 incident "due to the improperly cared for and improperly maintained, and broken prison issued equipment i.e. a prison issued bed frame, which collapsed and has caused the plaintiff sever personal injury."  (Compl., Civil Action Complaint).  Plaintiff states that Defendant's "staff were negligent and breached that duty when the faulty improperly cared for and maintained bed frame that the plaintiff was laying in collapsed."  (Compl., Statement of Facts).  Moreover, Plaintiff alleges that Defendant's staff "is fully aware of these bed frames being faulty as the staff at the Ohio Corrections Reception Center conduct routine cell shake downs and separate these bedframes by breaking them apart as part of the cell shake downs sometimes as part of the inmates punishment, while conducting these shake downs causing the pins that connect the bed frame to the sleeping platform to become broken and missing which in turn cause a type of pendulum effect that then caused the frame to collapse in on itself."  (Compl., Statement of Facts).

{¶6} Plaintiff states that "after this incident CRC staff put in a work order to have maintenance fix the broken bedframe."  (Compl., Statement of Facts).  Neither Plaintiff,

---

[2] Plaintiff's Complaint is a combination of the Court's "Claim Form" and attached typed "Civil Action Complaint."  Because the Civil Action Complaint includes Plaintiff's factual allegations, but does not include page numbers, the Court will refer to it generally using Plaintiff's bolded headings and direct citations where possible.

nor another inmate, submitted any "kites, internal complaints, and grievances" regarding concerns related to the bedframe nor did any "rounds of the unit nor searches of the cell revealed any hazard, risk, or defect" in the bedframe prior to Plaintiff's incident. (Jackson Affidavit ¶¶ 5-13; Carner Affidavit ¶¶ 7-9).

**Law and Analysis**

{¶7} Plaintiff states that the claims for which he seeks relief are "deliberate indifference, willful and serious misconduct, careless indifference and disregard to life and safety, gross negligence, willful and wanton negligence, culpable negligence, civil recklessness, and breach of duty for failing to keep the Plaintiff in this action safe from injury due to the improper maintenance, and care of prison issued equipment." (Compl., Statement of Claim).

{¶8} The Court notes that "'willful, wanton, and reckless conduct is technically not a separate cause of action, but a level of intent which negates certain defenses which might be available in an ordinary negligence action.'" *Griggy v. City of Cuyahoga Falls*, 2006-Ohio-252, ¶ 8 (9th Dist.), quoting *Cincinnati Ins. Co. v. Oancea*, 2004-Ohio-4272, ¶ 17 (6th Dist.). Moreover, "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court. * * * Instead, in order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims." *Guillory v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-2299, ¶ 11 (10th Dist.). Upon review, the Court finds that Plaintiff's Complaint sounds in ordinary negligence as he further states that "Defendants in this action breached their duty to keep the Plaintiff safe from injury due to the faulty and improperly maintained and cared for bed frame * * *." (Compl., Statement of Claim).

{¶9} "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury." *Ford v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-2531, ¶ 10 (10th Dist.).

{¶10} "Typically under Ohio law, premises liability is dependent upon the injured person's status as an invitee, licensee, or a trespasser. * * * However, with respect to

custodial relationships between the state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know." *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-749, 2009-Ohio-1555, ¶ 6.

{¶11} "Although the state is not an insurer of the safety of its prisoners, once the state becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured." *Barnett v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4737, ¶ 23 (10th Dist.).

{¶12} It is a plaintiff's burden to show that defendant had notice of the condition of the bed frame when it collapsed. *See Powers v. Ohio Dept. of Rehab. & Corr.*, 2003-Ohio-6566, ¶ 10 (10th Dist.), citing *Presley v. Norwood*, 36 Ohio St.2d 29, 31 (1973). "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1017, ¶ 9 (10th Dist.). "Actual notice is notice obtained by actual communication to a party." *Barnett* at ¶ 23. "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4736, ¶ 14 (10th Dist.).

{¶13} Defendant asserts that it is entitled to summary judgment because "Defendant had no actual or constructive notice of any hazard or defect that rendered the bedframe in [Plaintiff's] cell unreasonably dangerous, [Defendant] did not have a duty to protect him from that alleged risk. Accordingly, [Defendant] was not negligent as a matter of law and summary judgment should be granted in [Defendant's] favor." (Defendant's Motion, p. 2). Defendant submitted Civ.R. 56(C) evidence in the form of Affidavits from its employees, Corrections Specialist Madeline Jackson and Corrections Officer Dustie Carner.

{¶14} Jackson is employed by Defendant at CRC and her "job duties include, among other things, overseeing the daily activities/operations of the housing unit within the institution and supervising correctional staff. Pursuant to [her] duties, [she] worked together with staff and other departments at the institution to be responsive to the concerns of staff and the needs of incarcerated people." (Jackson Aff. ¶ 3). Jackson is "trained and familiar with [Defendant] policies, procedures, and practices related to safety

and security of the institution." (Jackson Aff. ¶ 4). Jackson avers that a "written record is prepared and submitted to the maintenance department" if notice of a hazard or defect is received and "[i]ncarcerated people may also submit kites, internal complaints, and grievances to report and directly pursue any concerns regarding incarcerated people's health and safety." (Jackson Aff. ¶¶ 5-6). Jackson further avers that she is "aware of all kites, grievances, and work order which are completed in the CRC housing units." (Jackson Aff. ¶ 7). Plaintiff "never reported or raised any concerns regarding the bed frame until after this incident." (Jackson Aff. ¶¶ 9-10). Moreover, no other inmates reported any potential safety issues with the bed frame before Plaintiff's incident and "[n]either rounds of the unit nor searches of the cell revealed any hazard, risk, or defect in Plaintiff's cell, specifically the bed frame, prior to the incident." (Jackson Aff. ¶¶ 11-12).

{¶15} Carner is employed by Defendant at CRC and is "trained and familiar with [Defendant's] policies, procedures, and practices related to facility safety, maintenance, and inspection for housing units in the institution." (Carner Aff. ¶¶ 2-3). Carner reported to Plaintiff's cell after the incident. (Carner Aff. ¶ 5). Moreover, Carner avers that "[Plaintiff] never reported or raised any concerns regarding the bed frame until after this incident" and "[n]either [Plaintiff] nor any other incarcerated person personally notified me that there was a potential safety issue or problem with the bed frame * * * before the April 29th incident." (Carner Aff. ¶¶ 7-8).

{¶16} Upon review, the Court finds that the Civ.R. 56(C) evidence submitted by Defendant establishes that Defendant did not have actual or constructive notice of any hazard or defect in the bed frame at issue prior to Plaintiff's incident. Accordingly, Defendant has met its initial burden as the moving party seeking summary judgment pursuant to Civ.R. 56(C).

{¶17} Plaintiff alleges that he "has requested discovery as, well as, public information in regards to this action from the Defendants, and has yet to receive any information requested * * *." (Plaintiff's Response, p. 1). To the extent Plaintiff alleges that he has been unable to complete discovery, Plaintiff has failed to properly move for and receive a continuance under Civ.R. 56(F). *See Hernandez v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8646, ¶ 17 (10th Dist.), citing *Mootispaw v. Mohr*, 2016-Ohio-1246, ¶ 10 (10th Dist.); *Commons at Royal Landing, LLC v. Whitehall*, 2016-Ohio-362, ¶ 8 (10th

Dist.) ("Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery."). Civ.R. 56(F) allows a party to defer ruling on a motion for summary judgment to complete discovery, but a court can grant summary judgment even if discovery remains incomplete in the absence of a non-moving party moving for a Civ.R. 56(F) continuance. *See Hernandez* at ¶ 17, citing *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶¶ 9, 11.

{¶18} Upon review of the docket, the Court notes that the discovery deadline in this case was April 24, 2024, and neither party motioned to extend that deadline prior to Defendant's Motion for Summary Judgment being filed.[3] (*See* July 25, 2023 Order of the Magistrate; *see also* June 7, 2024 Order of the Magistrate).

{¶19} Plaintiff also alleges that he "has not been served with any arguments as to why the motion for summary judgement was filed. The Plaintiff would like to have the option to rebut any arguments the Defendant have made or would make." (Plaintiff's Response, p. 1). The Court does not find Plaintiff's argument well-taken. Plaintiff specifically points to Defendant's Motion for Summary Judgment being filed in his Response by stating: "Comes now Ora J Donalson Jr Pro Se Plaintiff on objection to the Defendants motion for summary judgment filed in the Ohio Court of Claims May 10th 2024." (Plaintiff's Response, p. 1). Moreover, Plaintiff does not motion for an extension of time to respond to Defendant's Motion for Summary Judgment nor articulate to the Court how he supports his position that he was not served. Defendant states that its "motion for summary judgment was served upon Plaintiff and filed with the Court on May 10, 2024." (Defendant's Reply, p. 1). Upon review, Plaintiff does not provide any evidence or arguments to the contrary. Plaintiff somehow knew the date of Defendant's Motion for Summary Judgment filing and instead makes substantive arguments opposing Defendant's Motion for Summary Judgment. (Plaintiff's Response, p. 1 ("The Plaintiff objects to the Defendant's motion for summary judgement for the following reasons[.] The

---

[3] "On May 24, 2024, Defendant filed a Notice of Service of Responses to Discovery Requests, certifying that it served responses to Plaintiff's Requests for production of documents with copies of documents." (Defendant's Reply, p. 1). Moreover, on June 17, 2024, Plaintiff attempted to file more discovery requests for production of documents pursuant to Civ.R. 34, which were returned to Plaintiff by the Clerk pursuant to L.C.C.R. 4.2 and Civ.R. 5(D), and, as discussed, the discovery period had already expired for this case without proper motion to extend the deadline. (*See* June 17, 2024 Letter to Plaintiff).

arguments as to why the motion for summary judgement should be stricken are.")). Accordingly, the Court shall address Plaintiff's substantive opposition in the numbered paragraphs on page two of his Response.

{¶20} As with any factual issue on summary judgment, "[i]f the opposing parties present evidence on both sides of the issue, then summary judgment is inappropriate, and a finder of fact must decide the issue." *Wright v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-4359, ¶ 11 (10th Dist.). However, upon review, Plaintiff has not submitted any admissible Civ.R. 56 evidence to meet his reciprocal burden that Defendant had actual or constructive notice of any hazard or defect in the bed frame at issue prior to Plaintiff's incident. Nor has Plaintiff explained how pleading willful, wanton, and reckless conduct would negate such a defense. "When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996). Upon review, the Court finds that Plaintiff's response is conclusory in that Plaintiff essentially asserts that he is in Defendant's custody and, therefore, Defendant is liable for his injuries. (*See* Plaintiff's Response, ¶¶ 1-3; 6). As such, Plaintiff's Response does not demonstrate the existence of a genuine issue of material fact meeting the reciprocal burden pursuant to Civ.R. 56(E) regarding Defendant's notice. Accordingly, Defendant is entitled to judgment as a matter of law.

**Conclusion**

{¶21} Defendant has met its initial burden, pursuant to Civ.R. 56(C), by showing that there are no genuine issues of material fact regarding prior notice of any hazard or defect in the bed frame at issue. However, Plaintiff has not met his reciprocal burden, pursuant to Civ.R. 56(E), setting forth specific facts showing that there is a genuine issue for trial. Even construing the evidence in a light most favorable to Plaintiff, he has failed to demonstrate the existence of a genuine issue of material fact related to Defendant having actual or constructive notice of any hazard or defect in the bed frame at issue prior to Plaintiff's incident.

{¶22} For these reasons, Defendant's Motion for Summary Judgment is GRANTED.


_____
LISA L. SADLER
Judge

[Cite as *Donaldson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2784.]

| | |
|---|---|
| ORA DONALDSON<br><br>Plaintiff<br><br>v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>Defendant | Case No. 2023-00371JD<br><br>Judge Lisa L. Sadler<br>Magistrate Adam Z. Morris<br><br><u>JUDGMENT ENTRY</u> |

## IN THE COURT OF CLAIMS OF OHIO

{¶23} On June 17, 2024, a non-oral hearing was conducted in this case upon Defendant's Motion for Summary Judgment. For the reasons set forth in the Decision filed concurrently herewith, Defendant's Motion for Summary Judgment is GRANTED. Judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed June 18, 2024**
**Sent to S.C. Reporter 7/18/24**